## ACTION FOR RECOVERY UNDER A CONTRACT.

### Circuit Court of Hamilton County.

### C. H. MONROE & COMPANY v. THE JOS. R. PEEBLES SONS COMPANY.

#### Decided, June 11, 1910.

*Contracts—Evidence—That Which is Incompetent Distinguished from that .Which is Prejudicial—Self-serving Declarations.*

In an action for recovery under a contract, the admission of statements by the defendant which have no bearing upon the question of his liability are not prejudicial, notwithstanding they were not made in the presence of the plaintiff and were self-serving.

*Powel Crosley,* for plaintiff in error.
*Froome Morris,* contra.

SWING, J.; GIFFEN, P. J., and SMITH, J., concur.

This case is here on error to the judgment of the court of common pleas.

It is claimed that the court erred in admitting statements made by the defendant in error not made in the presence of the plaintiff in error and that the declarations were self-serving.

Conceding that these statements were not competent, we are of the opinion that their admission was not prejudicial. Monroe sought to recover on a contract with the defendant company for the erection of a booth at Music Hall. There is no .evidence which tends to prove that at the time he erected this booth he ever had any conversation with Mr. Peebles or any one authorized by him by which the Peebles Company was to become liable to pay for the same. On the contrary, the evidence shows without contradiction that the booth was erected by Monroe under a contract with one Buckley, or Mrs. Haight, who represented Buckley. In fact, Monroe had never met Mr. Peebles, or Mr. McLean, the general manager of the Peebles Company, until after the erection of the booth. Before the booth was fully completed Mr. Peebles visited Music Hall and gave some directions

about the completion of the booth, and it is on what took place at this time that Monroe bases his right to recover.

The' statements admitted were as to what Peebles and Mc-Lean said to Buckley and Mrs. Haight, and further as to Mr. Peebles' intention about exhibiting at the pure food show at Music Hall, for which this booth was erected. These statements could have no bearing on the question whether Mr. Peebles at the time he visited Music Hall and after the erection of the booth made a binding contract with Monroe for payment for the same. Neither do we think their admission can be regarded as prejudicial, especially so as the weight of the evidence is clearly with the defendant.